CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 23 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACQUELINE S. THACKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 7:16cv363 |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on January 24, 2018, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff Jacqueline S. Thacker has filed objections to the report, the Commissioner has responded, and this matter is now ripe for the court's consideration.

I.

Thacker raised four primary arguments on summary judgment: (1) the Administrative Law Judge (ALJ) erred in failing to give greater weight to the opinions of Dr. Nottingham and evaluate all of his opinions; (2) the ALJ's credibility findings are not supported by substantial evidence; (3) the ALJ erred in finding Thacker's major depressive

disorder and generalized anxiety disorder not to be severe impairments; and (4) the ALJ failed to properly consider her obesity under Social Security Ruling 02-1p. The magistrate judge, in his report, rejected these arguments and determined that the ALJ's opinion is supported by substantial evidence. In her objections, Thacker raises the same four arguments, but reorganizes them and couches them in terms of errors made by the magistrate judge, rather than the ALJ.

The purpose of magistrate judge review is to conserve judicial resources. United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). To that end, the objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." Id. (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd,

3

498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

Thacker's objections are, in large part, a reiteration of the arguments she raised on summary judgment and are not the kind of specific objections required by Rule 72(b). However, the court has reviewed de novo those portions of the magistrate judge's report to which Thacker properly objected and finds the ALJ's decision is supported by substantial evidence.

4

## II.

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet her burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## III.[1]

Thacker objects to the magistrate judge's conclusion that substantial evidence supports the ALJ's decision to give little weight to the functional capacity opinions of Thacker's treating physician, Dr. Nottingham. Specifically, Thacker argues that the

---

[1] Detailed facts about Thacker's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 21) and in the administrative transcript (ECF No. 9). As such, they will not be repeated here.

5

magistrate judge "attempts to build a logical bridge between the evidence and the ALJ's decision" which "the ALJ did not build herself in her decision." Pl.'s Obj., ECF No. 22, at 2.

The ALJ is required to "'include a narrative discussion describing how the evidence supports each conclusion'" as to the varying degrees of weight given to differing opinions concerning the claimant's conditions and limitations. Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)). In finding Thacker capable of performing light work, the ALJ gave "some weight" to plaintiff's testimony and "some weight" to the opinions of medical expert Dr. Cruz and the reviewing state agency physicians, who opined that Thacker is capable of working at the medium level of exertion. The ALJ gave "less weight" to the opinion of Thacker's treating primary care physician, Dr. Nottingham, "because, although the limitations contained therein are apparently based on the claimant's back impairment, X-rays do not show more than mild degenerative disc disease." (Administrative Record, hereinafter "R." 55.) To be sure, the ALJ could have provided a more extensive explanation of her reasons for giving less weight to Dr. Nottingham's opinion, but her decision, on the whole, does not leave the court to guess as to how she arrived at her conclusions, as was the case in Mascio, 780 F.3d at 637.

Indeed, in the preceding narrative discussion, the ALJ documents Thacker's treatment history with Dr. Nottingham at North Roanoke Family Practice for obesity, diverticulitis, and complaints of back pain and polyarthralgia, dating back to 2010 (Exhibits 2F, 4F, 5F and 7F). (R. 53.) The ALJ further notes that April 2014 x-rays showed only "minimal instability" at L4 and 5 with no gross evidence of degenerative disc disease.

On the day Dr. Nottingham rendered his opinion, Thacker presented with a purpose of "updating her status of a disability application for her attorney." (R. 53; see also R. 1153.) That July 14, 2018 record reveals that Thacker complained of "all kinds of other issues," but identified fibromyalgia as the primary one. Upon examination, Dr. Nottingham remarked she was in no acute distress but had multiple areas of point tenderness. (R. 1153.) At the conclusion of the "extremely lengthy visit" in which he addressed the "many, many issues" of which she complained, Dr. Nottingham gave no formal diagnosis and advised Thacker to exercise as tolerated, as the ALJ noted. (R. 53, 1153.) In his Medical Source Statement of Ability to Do Work-Related Activities (Physical) of the same date, Dr. Nottingham opined that Thacker could frequently lift and carry 10 pounds, stand and/or walk for 2 hours and sit for 4 hours in an 8-hour workday but would need to alternate sitting and standing, and was limited to less than 50% strength in both upper and lower extremities due to pain "in low back and paravertebral spinal musculature, from cervical to lumbar regions." (R. 1133.) Dr. Nottingham based his postural limitations on Thacker's "report of pain with efforts," (R. 1133), and found she was occasionally limited in reaching/handling/fingering by "pain in upper spine and shoulders and neck" and Thacker's "report of decreased sensation and strength in hands and fingers." (R. 1134.) Dr. Nottingham stated that Thacker would miss more than three days of work each month due to her impairments. (R. 1135.) The ALJ correctly notes that "subsequent records from Dr. Nottingham through July 1, 2015 document conservative treatment for musculoskeletal and gastrointestinal impairments (Exhibit 16F)." (R. 54.) The ALJ goes on to explain that Thacker "has degenerative disc disease and fibromyalgia, and the record reflects that she is followed in a pain clinic. X-rays

7

are rather unremarkable, however, and clinical findings are notable primarily for tenderness and some restriction in range of motion." (R. 54.)

After considering all of the evidence of record, including the opinion evidence, the ALJ determined that Thacker has the residual functional capacity to perform work at the light exertional level. The court has reviewed all of the medical evidence in this case and finds substantial evidence in the record to support the ALJ's conclusion in that regard. The ALJ's decision makes clear that her reason for discounting Dr. Nottingham's opinion is that the objective medical evidence does not support the degree of limitation set forth therein. Dr. Nottingham's treatment notes are rather unremarkable and reflect mild findings on examination. The court notes that records from Thacker's office visit with Dr. Nottingham immediately preceding the July 2014 visit at which he rendered his opinion show that Thacker presented expressly "to go over a number of symptoms as she is applying for disability" and needed Dr. Nottingham to complete a form for her attorney. (R. 740.) Dr. Nottingham notes Thacker's "primary issues have to do with musculoskeletal complaints, particularly in the back, and associated with fibromyalgia." Upon examination, she was "in no distress today, able to sit and carry on a conversation and reveal the above information." She had areas of tenderness but strength appeared normal. (R. 740.) His assessment was "[m]ultiple symptoms as described above, with underlying history of fibromyalgia and multiple musculoskeletal issues." He recommended she try to continue walking on a regular basis. (R. 741.)

Having reviewed the entire record, the court finds the ALJ's decision to give "less weight" to Dr. Nottingham's opinion is supported by the evidence of record and consistent

with the requirements of 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). The ALJ's explanation is sufficient to allow for meaningful judicial review, and the court finds no error in the magistrate judge's decision in this regard.

## IV.

Thacker argues the magistrate judge erred by relying on the opinions of the reviewing state agency physicians in support of his conclusion that the ALJ properly considered Thacker's depression and anxiety, as "additional medical evidence occurred after their opinions were rendered." Pl.'s Obj., ECF No. 22, at 3. But the magistrate judge in fact referenced this additional medical evidence, noting Thacker sought treatment with Dr. Nottingham who prescribed medication for Thacker's mental impairments, as well as the March 2015 appointment with Dr. White. The ALJ, too, discusses Thacker's appointment with Dr. White and discusses the "minimal objective evidence of record concerning the functional impact of the claimant's mental impairments or a more restrictive mental assessment by a treating or examination physician or mental health professional." (R. 50.) The court finds no error in the magistrate judge's citation to the state agency physicians' opinions, as this is the only opinion evidence of record concerning Thacker's mental impairments. Dr. Nottingham, who was the primary treatment provider for Thacker's depression and anxiety, did not opine that these impairments functionally impaired her ability to work, and his opinion was rendered after the state agency physicians' opinions.

In any event, the ALJ considered at step four Thacker's allegations of "depression and anxiety manifested by poor memory and concentration, panic attacks, and loss of interest in usual activities," her treatment of these symptoms with Xanax prescribed by her

9

primary care physician, and her complaints of "increase in panic attacks and social anxiety to the extent that she no longer goes out to stores because she feels as if she will pass out, as well as mood swings, crying spells, and sleep disturbance." (R. 52-53.) As the ALJ recognized, however, there are minimal objective findings concerning the functional impact of Thacker's mental impairments, and there is no evidence she has experienced any episodes of decompensation. As such, substantial evidence in the record supports the ALJ's conclusion that Thacker's mental impairments do not cause more than minimal limitation in her ability to perform basic mental work activities. (R. 51.)

## V.

Thacker's objection concerning the magistrate judge's analysis of her obesity argument is general and conclusory: "The report and recommendation erred in concluding the ALJ included limitations in her RFC that accounted for plaintiff's obesity." Pl.'s Obj., ECF No. 22, at 5. Thacker does not guide the court to any specific error in the magistrate judge's analysis of this argument. As such, the court finds de novo review of this objection unnecessary. See Midgette, 478 F.3d at 621; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); Camper, 2009 WL 9044111, at *2. The court finds no error in either the magistrate judge's or the ALJ's consideration of Thacker's obesity on her residual functional capacity.

## VI.

Finally, Thacker objects to the magistrate judge's statement that "Thacker's allegations that she needs to lie down during the day and cannot maintain a static work posture for more than 10-15 minutes are contradicted by both the opinions of Dr.

10

Nottingham and Dr. Cruz, who found Thacker could sit for four hours in an eight hour period and stand for two hours in an eight hour period." Pl.'s Obj., ECF No. 22, at 5. Thacker contends these opinions "set forth an RFC that is less than an 8 hour workday, which means the rest of the time she would be lying down and consequently, support plaintiff's allegations." Id. What the magistrate judge was getting at, however, is that Thacker's assertion that she "must lie down 5-6 times a day and is essentially bedridden at least one day a week" (R. 53) is undermined by her own treating physician's opinion that she can sit 4 hours and stand 2 hours in an 8-hour workday, as well as the opinion of medical expert Dr. Cruz. The court finds no error in this observation by the magistrate judge.

The remainder of Thacker's objection reiterates the argument she raised on summary judgment and takes issue with the magistrate judge's conclusion generally, neither of which satisfy the requirements of Rule 72 or require de novo review. See Veney, 539 F. Supp. 2d at 846; see also Midgette, 478 F.3d at 621; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); Camper, 2009 WL 9044111, at *2. The court finds the magistrate judge correctly held that the ALJ employed the appropriate legal standard in making his credibility determination. The court finds no error in either the magistrate judge's report or the ALJ's credibility assessment. Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032,

11

2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)).

## VII.

The court has reviewed the magistrate judge's report, the objections to the report, the Commissioner's response, and the administrative record and, in so doing, made a de novo determination of those portions of the report to which Thacker properly objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: 03-23-2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge